Mrs. Geraldine STEWART et al., Plaintiffs, Mary K. McKague et al., Plaintiffs-Appellees-Cross-Appellants,

v.

ATLANTIC PIPE LINE COMPANY et al., Defendants-Appellants-Cross-Appellants,

v.

TEXAS GENERAL INDEMNITY COMPANY, Intervenor-Appellee.

No. 72-1543.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1973.

Dale Dowell, Beaumont, Tex., for Atlantic Pipe Line Co. and others.

Walter Umphrey, Port Arthur, Tex., for Mary K. McKague and others.

John G. Tucker, Beaumont, Tex., for Texas General Indemnity Co.

H. P. Wright, Port Neches, Tex., for Geraldine Stewart and others.

Before TUTTLE, WISDOM and GODBOLD, Circuit Judges.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

In this petition for rehearing Atlantic Pipe Line asserts that the total damages awarded by the jury to Mrs. McKague and her four minor children included an award for exemplary damages and that this was improper inasmuch as Atlantic Pipe Line was not sued for exemplary damages. It is, of course, quite clear that the McKagues are not entitled to recover exemplary damages from Atlantic Pipe Line, but it is equally clear that they do not here claim such damages nor does our original decision in this case require the award of such damages.

The McKagues appealed from the final judgment of the district court, filed October 25, 1971, awarding to Mrs. McKague the sum of $100,000 and to each minor child $20,000. This reflected a reduction by the trial court of $30,000 from

the verdict in favor of each child. The *judgment*, however, reflected *only actual damages* and the sole issue on appeal was whether the district court could unilaterally reduce by $30,000 the amount in *actual* damages which the jury found would properly compensate each minor child. We held that such a reduction was improper and on that basis remanded to the district court.

Obviously, then, there exists in this case no issue with respect to exemplary damages, none ever having been awarded by the district court and there being no error assigned by the McKagues on that account.

Accordingly, the petition for rehearing is denied and no member of this court in active service on the court having requested that the court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure, Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.